**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ADRIAN KIRK LEE** | § | |
| | § | |
| **V.** | § | **A-13-CA-813-SS** |
| | § | |
| **WILLIAM STEPHENS,**[1] | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the filing fee for his application.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

A.      **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas.  Petitioner was convicted of aggravated

---

[1]  Although Petitioner named Rick Thaler as Respondent, William Stephens, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

sexual assault and was sentenced to 30 years in prison on October 3, 2007.  Petitioner's conviction

was affirmed on August 22, 2008.  Lee v. State, No. 03-07-00594-CR, 2008 WL 3877703 (Tex.

App. – Austin 2008, no pet.).  Petitioner did not file a petition for discretionary review despite being

granted an extension until November 21, 2008, to do so.

Petitioner also challenged his conviction in two state applications for habeas corpus relief.

Petitioner claims the first was filed on or about March 24, 2010, and the second was filed sometime

in June 2013.  The Texas Court of Criminal Appeals denied the first application without written

order on the findings of the trial court without a hearing on July 14, 2010.  The same court dismissed

the second application as successive on July 24, 2013.

**B.**      **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      the Texas Court of Criminal Appeals denied his state application without first having
a hearing;

2.      his attorney was ineffective for failing to present available evidence that would have
shown his judgment and sentence from the State of Arkansas was not a final
conviction;

3.      the trial court's denial of a jury instruction regarding community supervision was an
Ex Post Facto violation; and

4.      the prosecutor misled the trial court into believing the Arkansas judgment and
sentence was a final conviction and deprived him of a jury instruction regarding
community supervision.

## II.  DISCUSSION AND ANALYSIS

**A.**      **Infirmities in State Habeas Proceedings**

In Petitioner's first ground for relief he complains he was denied a hearing in his state habeas

corpus proceedings.  An attack on a state habeas proceeding does not entitle the petitioner to habeas

relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.  The law is clear infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief.  <u>Wheat v. Johnson</u>, 238 F.3d 357, 361 (5th Cir. 2001); <u>Vail v. Procunier</u>, 747 F.2d 277 (5th Cir. 1984).

**B.     Statute of Limitations**

Petitioner's remaining claims are time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  <u>See</u> 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on November 21, 2008, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of

Criminal Appeals. <u>Gonzalez v. Thaler</u>, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Therefore, Petitioner had until November 21, 2009, to timely file a federal application for habeas corpus relief. Petitioner did not execute his federal application until August 23, 2013, long after the limitations period expired. Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had already expired. <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Although Petitioner contends his claims are based on newly discovered evidence, the evidence upon which Petitioner relies was available at the time of his sentencing. As such, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied with respect to Petitioner's first ground for relief and dismissed with prejudice as time-barred with respect to his remaining claims.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of September, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE